UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENCIL C. GREEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOE LIZARRAGA, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-0614 KJM CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel. On July 13, 2018, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court dismissed the complaint with leave to amend, and the court provided plaintiff with guidance as to the contents of any amended complaint. Plaintiff filed his amended complaint on July 24, 2018 and is now before the court for screening.

As plaintiff now knows, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

As plaintiff claimed in his original complaint, plaintiff asserts that he has been denied equal protection of the laws in violation of the Fourteenth Amendment by being denied overnight visits with his wife because of a history of inappropriate sexual behavior, including several incidents of indecent exposure while in prison, all of which occurred more than four years ago. Documents attached by plaintiff to his amended complaint indicate that between April 14, 2013, and August 27, 2014, plaintiff "received numerous guilty findings for Rules Violation Reports (RVRs) in the past five years consistent with sexual misconduct" including 17 guilty findings for "indecent exposure" and 6 guilty findings for "indecent exposure with masturbation." ECF No. 10 at 17.

Plaintiff does not have a Constitutional right to conjugal visits. See Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir 2002). Under the Fourteenth Amendment, plaintiff does have a right to equal protection of the law. In order to proceed on a claim arising under the Equal Protection Clause, however, plaintiff must allege facts which show he is being treated differently from similarly situated inmates, see City of Cleburne, Tex., v. Cleburne Living Center, 473 U.S. 432, 439 (1993) without any rational basis for the different treatment, see Block v. Rutherford, 468 U.S. 576, 586 (1984).

Plaintiff claims he is similarly situated, for purposes of the Equal Protection Clause, to other inmates serving life imprisonment with the possibility of parole, as he is, yet they are permitted conjugal visits. Assuming this is the case, the decision to deny conjugal visits to life inmates who have an extensive history of sexual misconduct while in prison is rationally related to penological goals. Among other things, prison officials must be permitted to reserve privileges, such as conjugal visits, for inmates who follow prison rules as an incentive for inmates to follow those rules. Furthermore, in this instance, the denial of conjugal visits to prisoners who engage in sexual misconduct while in prison is the denial of a privilege directly related to the misconduct committed.

For these reasons, the court will recommend that plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted. The court will not grant leave to amend, as that appears futile.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 26, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gree0614.14dis